UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAUL CANTU ) | |
| ) | |
| v. ) | No. 3:06-0059 |
| ) | JUDGE CAMPBELL |
| ) | |
| UNITED STATES OF AMERICA ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. Petitioner is now represented by counsel, Thomas J. Drake, Jr. The Government has filed a response in opposition to the Motion (Docket Nos. 15), and the Petitioner has filed a reply brief (Docket Nos. 17).

The Court held an evidentiary hearing in this case on November 6, 2006. Based on the evidence adduced at that hearing, the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case, the Court concludes that Petitioner's Motion is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner pled guilty to a conspiracy to distribute and to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Docket Nos. 33, 271 in Case No. 3:03-00132). The Court sentenced the Petitioner to a total term of 147 months imprisonment, 87 months on Count One and 60 months on Count Two, to be served consecutively (Docket No. 272 in Case No. 3:03-00132). The Government filed a

Notice of Appeal (Docket No. 274), but later moved to voluntarily dismiss the appeal. (Docket No. 287 in Case No. 3:03-00132).

III. Analysis

A. The Petitioner's Claims

Petitioner contends that his sentence is invalid, and that he received ineffective assistance of trial counsel because counsel failed to file an appeal challenging his sentence. (Docket Nos. 1, 2).

B. Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

In Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000), the Supreme Court reiterated prior decisions that it is "professionally unreasonable" for a lawyer to fail to file an appeal when specifically instructed by a client to do so. In such a case, the

defendant is entitled to a delayed appeal and need not show any likelihood of success on its merits. Id.

When the client has not specifically instructed his or her attorney to file an appeal, however, the court is to consider whether the attorney "consulted" with the defendant about the advantages and disadvantages of filing an appeal. 120 S.Ct. at 1035. If the attorney has consulted with his client about the possibility of filing an appeal, his or her conduct is considered professionally unreasonable only if he or she fails to follow the defendant's express instructions. Id. If the attorney failed to consult with his or her client, the court is to examine whether that failure constitutes deficient performance. Id. at 1035-36. See also Regalado v. United States, 334 F.3d 520, 524-25 (6th Cir. 2003).

At the hearing in this case, the Petitioner and his trial counsel, Joseph Edwards, testified about their interaction after the sentencing hearing. The Petitioner testified that he told Mr. Edwards that he wanted to appeal in the courthouse lock-up after the sentencing hearing. He stated that there was no interpreter present at the time, and that Mr. Edwards told him he would come and see him at the county jail. The Petitioner testified that that conversation was the last one he had with Mr. Edwards.

Petitioner admitted as an exhibit a letter he sent to Mr. Edwards, dated June 3, 2005, regarding an appeal. He also admitted as an exhibit the letter he received from Mr. Edwards in response. The date of Petitioner's letter is some three months after the sentencing hearing, and does not advance the Court's determination as to whether the Petitioner requested an appeal during the appeal period.

Mr. Edwards testified that after the sentencing hearing, he met with the Petitioner and they discussed the pros and cons of filing an appeal. Mr. Edwards said he believed the Petitioner

4

had received an unexpectedly favorable sentence due to the issuance of the Harris case by the Sixth Circuit shortly before the sentencing hearing. He testified that the Government was unhappy with the result of the sentencing hearing, and that the Assistant United States Attorney told him after the sentencing hearing that the Government planned to file an appeal. Mr. Edwards said that he passed this information along to the Petitioner and that he told him any appeal may result in a sentence that was not as favorable as the one he received. According to Mr. Edwards, the Petitioner decided not to file an appeal.

Although Mr. Edwards could not recall whether an interpreter was present at this meeting, he said that it did not matter, as he spoke Spanish fairly well, and the Petitioner spoke English fairly well. He said they had not had trouble communicating in previous meetings. Mr. Edwards unequivocally testified that the Petitioner, at no time, asked him to file an appeal other than in the June, 2005 letter.[2] He also testified, however, that even though he would not have recommended it, if the Petitioner had asked him to file an appeal, he would have done so because he understands his duty to do so.

The Court finds that the testimony of the Petitioner that he requested Mr. Edwards to file an appeal in a meeting after the sentencing hearing is not credible.[3] On the other hand, the Court finds that the testimony of Mr. Edwards as to what occurred after the sentencing hearing should be credited. Specifically, the Court finds that Mr. Edwards consulted with the Petitioner about the advantages and disadvantages of filing an appeal, and that the Petitioner did not ask Mr. Edwards to file an appeal until his June 3, 2005 letter.

---

[2] Mr. Edwards testified that he did not actually receive the letter until sometime in September, 2005.

[3] The Court previously found that the Petitioner's testimony at sentencing was not credible. (See Rule 32 Findings, page 3, in Case No. 3:03-00132).

5

As the Court has found that Mr. Edwards specifically discussed the possibility of filing an appeal with the Petitioner and the Petitioner did not timely expressly direct defense counsel to do so, the Court concludes that it was not professionally unreasonable for defense counsel to not an appeal.

D. Sentencing Issues

Next, Petitioner argues that his sentence was invalid based on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). These cases do not apply retroactively in collateral proceedings. See, e.g., Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005). In any event, Petitioner was sentenced after Booker, Blakely, and Apprendi were decided.

Petitioner's sentencing arguments fail. Petitioner argues that his sentence violates the holdings of these cases because the Court determined at sentencing the quantity of controlled substances involved, and arrived at the guideline sentencing range based on that quantity. Courts have held, however, that Booker and Blakely do not prohibit all judicial fact-finding, as long as the court does not consider application of the guidelines mandatory based on the facts found. See, e.g., United States v. Stone, 432 F.3d 651, 654 (6th Cir. 2005); United States v. Fonseca, 2006 WL 2440978, *11 (6th Cir. Aug. 24, 2006); United States v. Bustos, 2006 WL 1526089, *1 (6th Cir. June 2, 2006)(Rejection of same argument made by Petitioner's co-defendant).[4] The Court's findings did not violate Apprendi because the statutory maximum sentence on the drug charge in Count One was 20 years (or 30 years with a prior felony drug offense), 21 U.S.C. §

---

[4] This case law would also apply to Petitioner's argument that the Court was prohibited from making a finding that enhanced his guideline range based on obstruction of justice.

6

841(b)(1)(C), and the Court's findings did not result in a sentence exceeding that statutory maximum. See, e.g., United States v. Lawrence, 308 F.3d 623, 635 (6th Cir. 2002).

As Petitioner's claims are without merit, the Court concludes that his Section 2255 Motion should be DENIED, and this case is DISMISSED.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner's Motion filed under 28 U.S.C. § 2255 should be denied.

It is so ORDERED.

*Todd Campbell*

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE